UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA L.,[1]<br><br>　　　　Plaintiff<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 5:21-cv-01147-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.  PROCEDURAL HISTORY

Plaintiff Cristina L. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs addressing disputed issues in the case [Dkt. 20 ("Pltf. Br."), Dkt. 21 ("Def. Br.")], and Dkt. 22 (Pltf.'s Reply)]. The Court has taken the parties' briefing under submission without oral argument. For the

---

[1]　In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

reasons discussed below, the Court finds that this matter should be affirmed.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for SSI and DIB, alleging disability as of September 1, 2016.  [Dkt. 15, Administrative Record ("AR") 245-246.]  Plaintiff's applications were denied at the initial level of review and on reconsideration.  [AR 15, 79-92.]  On February 4, 2021, a hearing was held before Administrative Law Judge Henry Kramzyk ("the ALJ").  [AR 15-29.]  On March 18, 2021, the ALJ issued an unfavorable decision.  [AR 16-25.]

The ALJ applied the five-step sequential evaluation process to find Plaintiff not disabled.  *See* 20 C.F.R. § 416.920(b)-(g)(1).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  [AR 18.]  At step two, the ALJ found that Plaintiff suffered from severe impairments including lumbar degenerative disc disease, degenerative joint disease of the knees, carpal tunnel syndrome, and obesity.  [AR 17.]  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings").  [AR 19]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work (20 C.F.R. § 404.1567, with the following limitations:

> she can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours in an eight-hour workday and stand and/or walk for 4 hours in an eight-hour workday. She can frequently push and pull with both lower extremities. She can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance and stoop. She can never crouch, kneel, or crawl. She can frequently handle and finger with both hands. She can frequently push and pull with both upper extremities. She must avoid

> concentrated exposure to extreme cold and extreme heat. She must avoid concentrated exposure to humidity. She must avoid concentrated exposure to fumes, odors, dusts, gases, and pulmonary irritants. She must avoid concentrated exposure to vibration. She must avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights.

[AR 21.] At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. [AR 26.] At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including representative occupations such as day worker, fast food worker, and fast-food worker/cleaner based on Plaintiff's RFC, age (44 years at time of application), limited education, and work experience. [AR 27.]

The Appeals Council denied review of the ALJ's decision on May 21, 2021. [AR 1-6.] This action followed.

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.  DISCUSSION

Plaintiff asserts that the ALJ failed to state sufficient reasons for discounting her subjective symptom statements about her hand pain and lack of sensation. [Pltf.'s Br. at 4-8.]

3

At the administrative hearing, Plaintiff testified that she stopped working following carpal tunnel surgery on both of her hands. [AR 58.] She also suffers from a heart problem, chronic asthma, allergies, knee pain, back pain, kidney disfunction, and depression. [AR 58-59.] Due to Plaintiff's many impairments, she experiences pain all over her entire body that limits her ability to sleep at night. [AR 60.] Plaintiff testified she can lift or carry a gallon of milk/water; she can walk for 10 minutes before needing to take a break; and she can stand for 20 minutes before needing to sit down. [AR 60-62.]

With respect to her daily activities, Plaintiff testified that she uses her hands to do "light stuff" including cooking, washing the dishes, and grocery shopping. [AR 62.] Plaintiff takes public transportation, and she is able to shower and dress herself daily. [AR 63.] Plaintiff also sends texts to her family using her smartphone. When her hands get tired from texting or washing the dishes, she stops. [AR 65-66.]

Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" [AR 22], the ALJ's reasons for discounting a claimant's testimony must be clear and convincing. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

Here, the ALJ gave two clear reasons to reject Plaintiff's credibility: (1) inconsistencies between Plaintiff's testimony and her daily activities; and (2) inconsistencies between the objective medical evidence and Plaintiff's allegations of severe limitations and pain. The Court takes each in turn.

### 1. Inconsistencies Between Plaintiff's Testimony and Her Daily Activities

First, the ALJ found that Plaintiff's reported daily activities are not consistent with her allegations of subjective symptoms and pain. [AR 26-27.] The ALJ's conclusion here is supported by substantial evidence. Plaintiff's daily activities bear on her credibility if the level of activity is inconsistent with her claimed limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Thus, an ALJ may rely on a Plaintiff's daily activities to support an adverse credibility determination only when those activities either "contradict [the plaintiff's] other testimony," or "meet the threshold for transferable work skills"; *i.e.*, where she "is able to spend a substantial part of . . . her day performing household chores or other activities that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, a claimant need not be "utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Id.*; *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The Ninth Circuit has "repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Here, Plaintiff testified that she has trouble grasping items [AR 62] but that she can lift and carry a gallon of water; she has no dishwasher and instead washes dishes by hand; and when she grocery shops she leans on a cart to support her weight. [AR 62-63.] The ALJ, noting this testimony, found that Plaintiff "cooks, does the dishes, uses public transportation, attends support groups, attends church, and watches television." [AR 24.] The ALJ concluded that these described activities diminished Plaintiff's allegations regarding her symptoms because "those allegations are greater than expected in light of the record and in light of [Plaintiff's]

5

own statements." [AR 24.]  Plaintiff argues that the ALJ failed to explain how these daily activities contradict her testimony about her lack of "hand strength, mobility, [or] sensation." [Pltf.'s Br. at 7.]  Further, Plaintiff argues that while she is able to perform activities around the house, "she performs these activities at her own pace." [Pltf.'s Br. at 7.]

Despite Plaintiff's argument to the contrary, it was reasonable for the ALJ to conclude that Plaintiff's admitted daily activities are inconsistent with her testimony regarding her hand limitations.  The ALJ properly cited several examples identifying inconsistencies between Plaintiff's testimony and the activities she engaged in.  *See Burkett v. Berryhill*, 732 F. App'x 547, 552 (9th Cir. 2018) (finding ALJ did not err in relying on claimant's activities where "ALJ cited examples in the record illustrating inconsistencies between [claimant's] testimony concerning the limiting effects of her symptoms and her activities").  For example, the ALJ noted that Plaintiff "testified that she has difficulty using her hands and has trouble grasping," but that Plaintiff also testified that "she can lift a gallon of milk" (AR 22) weighing approximately "eight or nine pounds." [AR 61.]  The ALJ's reasoning here is not arbitrary, but rather compelling.  Plaintiff testified that her hand impairments prevent her from working. [AR 58.]  Yet, she offered ample testimony that she performs fine manipulation using her hands and that she regularly grasps with her hands during her daily routine.  As Plaintiff testified, she has no problems gripping plates to wash dishes (AR 66), she leans on a cart, presumably using her hands, to grocery shop (AR 62-63), and she uses her "smartphone" to send texts to family and friends. [AR 65.]

Although Plaintiff argues in her brief that she does these activities "at her own pace," there was little in the record to indicate the speed of that pace.  When asked at the hearing by her attorney about the difficulty she experiences when using her hands, Plaintiff's answers were largely non-responsive.  Plaintiff's questioning by her attorney was as follows:

6

| | | |
|---|---|---|
| [Q]: | Okay. You mentioned that you washed dishes, do you, is that do you have any problems washing dishes? |
| [A]: | With the plates, no, but when it comes to the pans and stuff, yeah, it's not as, I mean the dip. |
| [Q]: | Because you have difficulty gripping? |
| [A]: | Yes. |
| Q]: | Okay. And you, you just talked about using your phone. Do you have trouble using your fingers still or [are] your fingers all better now after the surgeries? |
| [A]: | The fingers like I'll be holding the way that I hold the phone, you know, just, or that with the pen. |
| [Q]: | What, what do you mean, you have trouble using the pen? |
| [A]: | No, my, I mean I have my phone, I'm able to dial and look up what I need, but when my hands get tired, I stop. |
| [Q]: | Okay. Do your hands get tired when you use them like you're washing the dishes? |
| [A]: | Yes. |

[AR 66.]

There is nothing in the record to suggest how long Plaintiff uses her phone or washes dishes before her hands get tired and she is unable to use them. Plaintiff did not indicate that she needs to take frequent breaks when doing these activities. Nor did Plaintiff state that she needs help to conduct these activities, that she reserves these activities for her "good days," or that she does these activities infrequently. To the contrary, according to the above testimony, Plaintiff likens her ability to use her phone to her ability to wash dishes—an activity she completes with only limited difficulty. [AR 66.] Such unclear statements from Plaintiff are insufficient to overcome the rational conclusion that Plaintiff's activities suggest abilities inconsistent with the extreme limitations she alleges. *See Revels v. Berryhill*, 874

F.3d 648, 667-68 (9th Cir. 2017) (ALJ erred in finding disparity between claimant's reported daily activities and symptom testimony where the ALJ failed to acknowledge the claimant's explanation consistent with her symptom testimony that she could complete only some tasks in a single day and regularly needed to take breaks).

Thus, the ALJ's reliance on Plaintiff's ability to do activities like wash dishes or cook, even if not indicative by itself of an ability to work, is inconsistent with Plaintiff's claimed limitations regarding her hand limitations. *See Molina*, 674 F.3d at 1113 ("Even when those activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent they contradict claims of a totally debilitating impairment."); *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693 (9th Cir. 299) (although daily activities did not show that the Plaintiff could work, "it did suggest that Valentine's later claims about the severity of his limitations were exaggerated."). Accordingly, this first reason proffered by the ALJ is properly supported by the evidence and constitutes a clear and convincing reason for rejecting Plaintiff's symptom testimony. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (finding that if a Plaintiff's level of activities is inconsistent with her claimed limitations then the activities of daily living have a bearing on the Plaintiff's credibility). The Court's analysis could end here.

**2.     Inconsistency with the Objective Medical Evidence**

Second, the ALJ discounted Plaintiff's testimony because it conflicted with the medical evidence in the record. [AR 23.] This too was a factor the ALJ was permitted to consider when assessing Plaintiff's credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). As the ALJ highlighted in his opinion, following carpel tunnel surgery in both hands, examinations showed that Plaintiff had 5/5 grip

strength in both hands. [AR 23, 1538, 1590.] Additionally, the two medical experts who reviewed the records documenting Plaintiff's hand complaints and treatment, concluded that despite her impairment, she could still handle and finger on a frequent basis. [AR 25, 89, 103, 121, 139.] Finding this portion of the evidence agreeable, the ALJ ultimately found that the relevant medical evidence in the file demonstrated that Plaintiff's ability to "frequently handle and finger with both hands" is inconsistent with Plaintiff's statements regarding the degree of limiting effects of her symptoms. [AR 21, 23-25.] Thus, the ALJ properly found that Plaintiff's testimony was inconsistent with the medical evidence.

In sum, the ALJ gave at least one or more clear and convincing reason for finding Plaintiff's testimony less than fully credible that was supported by substantial evidence from the record. Accordingly, the ALJ's adverse credibility determination was not made in error.

## V.   CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS ORDERED.**

DATED: August 25, 2022

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE